

# THE ATTORNEY GENERAL
# OF TEXAS

GROVER SELLERS
XXXXXXXXXXXX
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:

Opinion No. 0-6158
Re: Form of deed to be executed
by sheriff of Lubbock County
to the State where predecessor
in office failed to execute
deed in delinquent tax sale.

You request our opinion as to the form of deed to be executed by the present sheriff of Lubbock County in conveying to the State, lands that were sold by a prior sheriff to the State, by virtue of an order of sale issued by the court in a delinquent tax foreclosure suit.

Article 7330, V. A. C. S., provides in part as follows:

"In all cases in which lands have been sold or may be sold, for default in the payment of taxes, the sheriff selling the same, or any of his successors in office, shall make a deed or deeds to the purchaser * * * *."

A sheriff in executing a deed to the purchaser of land at a delinquent tax sale is performing a mere ministerial act, and by virtue of said Article 7330, supra, the sheriff who sells land, or any of his successors in office has the authority to make deed to the purchaser.

You enclosed with your letter a copy of the form used in making the deed to the State, when the same sheriff makes both the sale and the deed. We are of the opinion that in the fact situation presented by you, the first two paragraphs of said regular form should be changed to read as follows:

"THE STATE OF TEXAS, )

)    KNOW ALL MEN BY THESE PRESENTS:

County of ___Lubbock___    )

"THAT, WHEREAS, by virtue of an order of sale issued by the Clerk of the District Court in and for ___Lubbock___ County, on the _____ day of _____1926 on a certain judgment rendered in said Court on the _____ day of _____ 1926, in favor of the State of Texas as Plaintiff, and against _____ as Defendant for the sum of _____Dollars, interest and costs of suit, said cause being numbered upon the docket of said Court No. _____, and said order of sale commanding_____, my predecessor in office, to levy upon, seize and sell the land therein described, and make the amount of said judgment, the same being for taxes, penalty, interest and costs due on the herein- after described lands for the years_____, together with interest thereon at the rate of six per cent per annum from date thereof, and costs of suit; and whereas, _____ then Sheriff of said County, did upon the ___day of _____ 1926, levy upon and seize said land described in said order of sale and hereinafter described, and whereas, he did advertise said land for sale upon Tuesday, the ___day of _____ 1926, at the court house door of said County, by giving notice of the time and place of sale as required by law, and for the length of time required by law, and, whereas, upon the said day, the same being the first Tuesday in said month, between the hours prescribed by law he offered the same for sale at public outcry to the highest bidder, and there being no other bidder for such land the same was bid off to the State for the amount of said judgment, interest and costs adjudged against said property, to-wit:  The sum of_____ Dollars, and said State being the highest and best bidder for same.

"Now, therefore, I, _____, present Sheriff of Lubbock County, and by virtue of the authority vested in me by law, and by Article 7330, V.A.C.S., and for and in consideration of the amount of said judgment, and the amount of _____Dollars interest thereon at the rate of six per cent per annum from date of said judgment, and the further sum of _____Dollars costs, have bargained, sold and conveyed, and do by these presents, bargain, sell and convey unto the State of Texas and its assigns, all the right, title and interest of the said_____ defendant, in and to the following described land, and all the right, title and interest that said defendant had in and to said lands at the date of said judgment, together with all and singular the rights, privileges and appurtenances of the same belonging; the same being described as follows, to-wit:"

You also enclosed a copy of a "Re-Sale Deed".  It is our opinion that in re-selling this property for the State, that this "Re-Sale Deed" form is sufficient and does not require any changes as to form or substance.

Trusting the above and foregoing fully answers your in- quiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/W.V. Geppert
W.V. Geppert
Assistant

WVG:bbh:wc

APPROVED SEP 13, 1944
s/Geo. P. Blackburn
ATTORNEY GENERAL OF TEXAS (Acting)

Approved Opinion Committee By s/BWB Chairman